[No. 55027–1. En Banc. May 4, 1989.]

MSM HAULING, INC., *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Robert B. Sherwood, Ernest A. Bentley,* and *Sherwood, Bentley & Anderson,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *G. Bruce Clement, Assistant,* for respondent.

SMITH, J.—MSM Hauling, Inc. (MSM) appeals a decision of the Board of Industrial Insurance Appeals, affirmed by the Thurston County Superior Court, ordering MSM to pay insurance premiums on payroll that could not be segregated between intrastate and interstate hauling. Because we find that MSM and its employees were at all pertinent times subject to the protection of the Industrial Insurance Act, we affirm.

The issue in this case is whether businesses employing workers in "combination" interstate and intrastate commerce are subject to mandatory participation in industrial insurance coverage when their payrolls are not segregable by type of activity and when Congress has not yet otherwise provided for liability or compensation.

The parties have stipulated to the following facts:

During the period January 1, 1982, through December 31, 1984, MSM engaged in both *intrastate* and *interstate* hauling but paid no industrial insurance premiums for any employee. MSM estimated that 10.42 percent of its hauling during this time was intrastate. However, the payroll of workers engaged in intrastate hauling was not clearly separable from the payroll of workers engaged in interstate hauling.

On January 29, 1985, the Department of Labor and Industries (Department) audited MSM's records and subsequently determined that premiums of $13,751.28 were due.

The Department ordered payment of the premiums on March 29, 1985. The order was affirmed by the Board of Industrial Insurance Appeals on September 11, 1986, and by the Thurston County Superior Court on March 30, 1988. We granted direct review on January 10, 1989.

RCW Title 51, the Industrial Insurance Act (Act), provides that all employees in Washington State are covered by industrial insurance unless specifically excluded. RCW 51.12.020. MSM relies upon RCW 51.12.090 to provide the requisite exclusion. That statute provides, in relevant part:

The provisions of [Title 51] shall apply to employers and workers . . . engaged in intrastate and also in interstate or foreign commerce, for whom a rule of liability or method of compensation now exists under or may hereafter be established by the congress of the United States, only to the extent that the payroll of such workers may and shall be clearly separable and distinguishable from the payroll of workers engaged in interstate or foreign commerce: *Provided,* That as to workers whose payroll is not so clearly separable and distinguishable the employer shall in all cases be liable in damages for injuries to the same extent and under the same circumstances as is specified in the case of railroads in the first proviso of RCW 51.12.080 . . .

The Department cites *State ex rel. Washington Motor Coach Co. v. Kelly,* 192 Wash. 394, 74 P.2d 16 (1937), for its contention that the statute quoted encompasses all workers *except* those for whom Congress has preempted the field with its own compensation act. The Department further interprets the case as indicating that, even after preemption, the Act would apply to those workers whose payroll was clearly assignable to intrastate activities. The language relied upon is:

The interstate employees *excepted* from the operation of the section were those only
". . . for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States"; . . .
*and as to them*
". . . only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce, . . ."

(Italics ours. Original italics omitted.) *Washington Motor Coach,* at 407.

The quote above seems to limit the employees excepted from the Act by federal preemption to those with no connection to intrastate commerce. The statute, however, does not say it "excepts" anyone; it says the "provisions . . . shall *apply* . . . only to the extent" that the payrolls of

workers engaged in commerce comprised of mixed intra-
state, interstate and foreign commerce "may and shall be
clearly separable" from the payroll of workers engaged
exclusively in interstate or foreign commerce. *See* Laws of
1911, ch. 74, § 18, p. 367.[1] Thus the only "exception" is of
workers engaged in neither purely intrastate nor in the
combination of intrastate and interstate commerce. More-
over, the consideration of "exception" under this section
does not become operative unless Congress has enacted "a
rule of liability or method of compensation".

This conclusion is compelled by examination of the
grammatical structure of the statute. "The provisions
[*noun*] . . . apply [*verb*] to employers and workers [*object*]
. . . engaged in intrastate and also in interstate or foreign
commerce, [*restrictive clause limiting the class of employ-
ers and workers*] for whom a rule of liability . . . may

---

[1]The unedited text of the statute quoted by the court in *Washington Motor
Coach* is:

> The provisions of this act shall apply to employers and workmen engaged
> in intrastate and also in interstate or foreign commerce, for whom a rule of
> liability or method of compensation has been or may be established by the
> Congress of the United States, only to the extent that their mutual connection
> with intrastate work may and shall be clearly separable and distinguishable
> from interstate or foreign commerce, except that any such employer and any
> of his workmen working only in this state may, with the approval of the
> department, and so far as not forbidden by any act of Congress, voluntarily
> accept the provisions of this act by filing written acceptances with the depart-
> ment.

Laws of 1911, ch. 74, § 18, p. 367. This statute was amended by Laws of 1919, ch.
67, § 3, p. 136 and as it was in force at the time of the *Washington Motor Coach*
decision read:

> The provisions of this act shall apply to employers and workmen (other
> than railways and their workmen) engaged in intrastate and also in interstate
> or foreign commerce, for whom a rule of liability or method of compensation
> now exists under or may hereafter be established by the congress of the United
> States, only to the extent that the payroll of such workmen may and shall be
> clearly separable and distinguishable from the payroll of workmen engaged in
> interstate or foreign commerce: *Provided,* That as to workmen whose payroll is
> not so clearly separable and distinguishable, the employer shall in all cases be
> liable in damages for injuries to the same extent and under the same circum-
> stances as is specified in the case of railroads in the first proviso of section
> 6604–18 [Rem. & Ball. Code].

Laws of 1919, ch. 67, § 3, p. 136.

hereafter be established by the congress [*restrictive clause limiting the class of employers and workers*] . . ., only to the extent that the payroll of such workers may and shall be clearly separable [*adverbial phrase modifying* "apply" *and limiting the application of the provisions of RCW Title 51 to the object* "workers"] . . ." *See* RCW 51.12.090. Therefore any lack of clarity in *Washington Motor Coach* does not alter our disposition of this case.

Appellant MSM generally analyzes the grammar of the statute correctly in support of its contentions. However, it overlooks the fact that RCW 51.12.090 concerns itself only with workers engaged in at least some activities for which Congress has established an alternative to state industrial insurance coverage. Appellant also cites *State v. Postal Telegraph–Cable Co.*, 101 Wash. 630, 172 P. 902, *adhered to on rehearing*, 104 Wash. 693, 176 P. 346 (1918) and *Plastino v. Seattle*, 119 Wash. 195, 205 P. 404 (1922) in support of its analysis. However, as both those cases antedate *Washington Motor Coach*, they are not controlling authority on the points for which they are cited. Indeed, this court has said that "[t]he act of the 1919 legislature (Rem.Rev.Stat., § 7695) removed whatever basis there was for our construction of the earlier law in *State v. Postal Telegraph–Cable Co.*" *Washington Motor Coach*, at 409. Since *Plastino* relied on *Postal Telegraph–Cable Co.* for its analysis, whatever precedential value the 1922 case may have had on the question before us was also invalidated by the 1937 decision in *Washington Motor Coach*.

The essence of the holding of *Washington Motor Coach* is that RCW Title 51 will apply to any workers engaged in mixed intrastate and interstate commerce unless and until there has been federal preemption. *See McClung v. Pratt*, 44 Wn.2d 779, 785, 270 P.2d 1063 (1954) (interpreting *Washington Motor Coach*). The Department's interpretation of the case is correct. It is dispositive of the case before this court. Since appellant has pointed to no

federal preemption, its employees engaged in mixed commerce are subject to the Act. *Whether payrolls are segregable is irrelevant* unless Congress enacts a statute providing for liability or compensation to MSM's workers who are engaged in interstate commerce. RCW 51.12.090 simply does not apply, and therefore cannot afford appellant any exception to applicability of the Industrial Insurance Act.

The Department has submitted analysis of the Legislature's amendments to the Act in 1982 and 1983. Under some interpretations of those amendments there may have been several months during which employers not reached by the Act could have elected optional coverage. Because we conclude that MSM's employees were at all pertinent times subject to coverage by the Act, we do not further consider the effect of the 1982 amendment.

As written, RCW 51.12.090 is an apparent attempt to extend coverage to all workers for whom alternative federal coverage does not actually exist. The language relied upon by MSM limits only the State's impermissible infringement on interstate commerce where there has been federal preemption, and does not limit application of the Act to commerce within the legislative jurisdiction of this State.

We affirm the decision of the trial court and hold that RCW 51.12.090 does not exempt businesses engaged in mixed interstate and intrastate commerce from application of the Industrial Insurance Act merely because payrolls for those activities may not be segregable. The Department of Labor and Industries may therefore collect the insurance premiums due from MSM Hauling, Inc.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, and DURHAM, JJ., concur.